| | | |
|---|---|---|
| **Joseph Lawrence,** | : | United States District Court |
| **Plaintiff,** | : | Eastern District of Pennsylvania |
| vs. | : | |
| **Police Officer Scott Schweizer,** | : | Civil Division – Civil Rights |
| **Defendant.** | : | Case No.: 2:21-cv-1551 |

## AMENDED COMPLAINT

1. Plaintiff Joseph Lawrence ("Lawrence") via counsel, David Wesley Cornish, Esquire, Complains and states he was injured as follows, and via 42 U.S.C. §§1983, 1985, and 1988, of the civil rights laws passed by Congress, provides the appropriate remedy to persons who have been deprived of their federal constitutional statutory rights under the color of state law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985, and 1988.

3. This Court has supplemental jurisdiction for the state law claims, pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that Defendant work and reside in this district and virtually all the acts described in this Complaint occurred in this district.

## PLAINITFF

5. Plaintiff is **Joseph Lawrence**, an individual and resident of the United States of America, and resident of the Commonwealth of Pennsylvania.

## DEFENDANT

6. Defendant is **Scott Schweizer**, police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

7. At all relevant times, the Defendant acted under the color of law as the municipality of Philadelphia, supervised these municipally employed police officers, while on duty.

8. Plaintiff on October 8, 2018 was arrested by Philadelphia Police Officers, including Defendant Schweizer in relation to a narcotics investigation within the City of Philadelphia.

9. Defendant Schweizer claims he observed Plaintiff Lawrence around 430pm purchase and receive narcotics from Mr. Felix while Plaintiff Fountain entered the middle of the intersection and started to look in different directions, to see if any law enforcement were observing them, in essence assisting Mr. Felix with the alleged transaction.

10. Plaintiff Lawrence denies he purchased drugs from Mr. Felix and/or Plaintiff Fountain.

11. Plaintiff Lawrence denies interacting or seeing Plaintiff Fountain at any time.

12. Plaintiff Lawrence denies all claims he bought, purchased, and/or possessed any narcotics at any time.

13. The Plaintiff was arrested and charged with narcotics sales, purchase/receipt of narcotics, and simple possession.

14. Defendant and other law enforcement agents at his direction, completed police paperwork regarding this incident and forwarded it to the Philadelphia District Attorney's Office for prosecuting the Plaintiff.

15. Based on the claims made by Defendant, including his observations which were the entire basis for the police paperwork generated, Plaintiff was charged in **MC-51-CR-29447-2018**.

16. On April 3, 2019, all charges against the Plaintiff were dismissed in Philadelphia Municipal Court.

17. Plaintiff contends the Defendants lacked probable cause to arrest, detain, and prosecute him as he was not participating in any criminal activity, and had not sold, possessed, nor purchased drugs.

18. Plaintiff was incarcerated due to this arrest.

19. Defendant Schweizer himself or at his order had other law enforcement agents physically restrain the Plaintiff with both physical force, handcuffs, locked rooms (jail cells), and other incapacitant devices, in addition to a verbal use of force, to prevent free movement.

20. Defendant himself or at his order had the Plaintiff from the scene for further processing at the Police Department after searching, seizing, detaining, and arresting him.

21. After arresting Plaintiff, Defendant and other law enforcement agents at his direction, completed police paperwork and attested probable cause existed to believe Plaintiff committed a criminal act and both should be criminally charged for violating the law.

22. Plaintiff was arrested, searched, seized, detained, and prosecuted based upon alleged observations by Defendant.

23. Plaintiff avers he was charged in criminal with purchasing, possessing, and/or selling drugs by Defendant Schweizer based on these same observations.

24. Plaintiff avers he never sold, possessed, and/or participated in any narcotics transactions.

25. Plaintiff never spoke with, interacted, physically touched, nor communicated with in any way, any person selling/buying drugs, and Plaintiff never possessed any illegal drugs.

26. Plaintiff at no time during this investigation, was participating in criminal activity, nor did he exchange any money or narcotics with any persons.

## **PLAINTIFF'S INJURIES**

27. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

28. Due to the Defendant actions Plaintiff suffered the following injuries:

    a. Physical discomfort from being handcuffed;

    b. A loss of freedom due to the Defendant arresting him;

    c. A loss of enjoyment and quality of life due to the Defendant actions in restraining, arresting, and prosecuting him which caused physical and psychological injuries;

    d. A loss of employment/business opportunities due to the Defendant actions restraining, arresting, and prosecuting him;

    e. Loss of reputation, shame, inconvenience, anxiety from the Defendant actions restraining, arresting, and prosecuting;

    f.  Litigation expenses for this civil matter including but not limited to filing fees, administrative fees, expert fees, court costs, civil counsel fees, and the like.

### COUNT 1 – MALICIOUS PROSECUTION (Lawrence v. Schweizer)

29. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

30. Plaintiff avers the Defendant initiated criminal proceedings in the underlying criminal case, against him via arrest, filing a criminal complaint, processing him, and consulting the District Attorney's Office about further charging him.

31. Plaintiff avers these Defendant lacked probable cause, as articulated in the United States Constitution's 4th Amendment, to stop, search, and detain Plaintiff when they first encountered him, and lacked probable cause to arrest him and because these Defendant arrested him, his resulting imprisonment was unjust, illegal, and was the direct and causal reason he was incarcerated.

32. Plaintiff's criminal charges initiated by the Defendant on April 3, 2019, terminated in his favor, when the Municipal Court dismissed all charges.

33. Plaintiff avers the Defendant acted maliciously or for a purpose other than bringing him to justice, as Plaintiff was not committing a crime when he encountered the Defendant in a public area in the City of Philadelphia.

34. Plaintiff avers because of this criminal proceeding, he suffered a significant deprivation of liberty and freedom spending as he was held in pre-trial incarceration.

35. Further, Plaintiff avers Defendant obscured the District Attorney's Office from making an independent judgment about the merits of prosecution as these Defendant failed to provide materially honest evidence and statements regarding Plaintiff, the evidence observed, and recovered.

36. Plaintiff avers but for the Defendant filing a criminal complaint based on fabricated/non-existent/mistaken evidence he would never have had a criminal case initiated against him.

37. The Defendant directly, foreseeably, legally, and proximately caused Plaintiff to have suffered unjust, unwarranted, and unlawful incarceration, prosecution, and/or will continue to suffer the following damages: Physical injuries including pain and suffering, loss of job/wages opportunities, Public shame and embarrassment, Loss of enjoyment of life, Loss of enjoyment of freedom, and Past and future pain and suffering, extreme inconvenience, and emotional distress.

    **WHEREFORE**, Plaintiff demands judgment against the Defendant, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

### PUNITIVE DAMAGES REQUEST

38. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

39. Defendant actions in depriving Plaintiff of his rights, freedoms, privileges, and liberties is so outrageous as to shock the conscience of reasonable persons and shows reckless indifference for the Plaintiffs' rights, especially when there was no reasonable suspicion or probable cause to believe he was committing a criminal act by charging his phone and waiting in the hallway of a public building.

    **WHEREFORE**, Plaintiff demands exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty-Thousand Dollars ($150,000) against all Defendant, excluding any municipalities, officially, personally, professionally, individually, jointly, and severally.

## JURY DEMAND

40. Plaintiffs demand a jury to determine the extent of damages and provide a full and fair determination pursuant to the United States Constitutional Amendments V, VI, and XIV.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF LAWRENCE**
***DATE***: May 16, 2021

## **VERIFICATION**

The facts set forth in the foregoing are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties both in Pennsylvania and Federal Court for perjury and unsworn falsification to authorities and/or the tribunal.

Respectfully Submitted,

_____
/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF LAWRENCE**
*DATE*: May 16, 2021